IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHAWN VINCENT DAVIS, <br><br> Defendant. | Case No. 2:11-cr-81 |

**OPINION & ORDER**

Before the Court is Defendant Shawn Vincent Davis's Motion for Early Termination of Supervised Release. ECF No. 163.[1] For the reasons stated herein, the motion is **DENIED**.

**I.  BACKGROUND**

On August 12, 2011, Defendant Shawn Vincent Davis pleaded guilty, pursuant to a plea agreement, to Counts One and Four of the Indictment, which charged him with conspiracy in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 42. On February 28, 2012, the Honorable Robert G. Doumar sentenced the defendant to 128

---

[1] Pursuant to Fed. R. Crim. P. 32.1(c)(1), before modifying the conditions of supervised release, there must be a hearing, except when the relief sought is (1) favorable to the defendant; (2) doesn't extend the sentence; and (3) the government does not object. Early termination is, obviously, favorable to the defendant and the government does not oppose the motion; therefore, a hearing is not necessary.

months of imprisonment followed by 10 years of supervised release. ECF No. 114. The defendant's supervised release term began on July 20, 2020, and is scheduled to expire on July 1, 2030. ECF No. 152 at 2.

During supervision, the defendant violated the mandatory condition of not committing any new crimes. On December 16, 2024, the Court found the defendant in violation of (1) Mandatory Condition: Commission of a Crime: DWI 1st and (2) Mandatory Condition: Commission of a Crime: DWI 2nd. ECF No. 161 at 1. At that hearing, the Court imposed additional conditions. *Id.*

Since that violation hearing, the defendant has completed the education courses for a Virginia Alcohol Safety Action Program (VASAP) for the second time—with an estimated total VASAP completion date of December 5, 2025. ECF No. 163 at 2. The defendant has also maintained employment throughout his supervised release. ECF No. 152. On June 4, 2025, the supervised release petition was dismissed upon the probation office's recommendation; without objection from the government; and two of the three newly imposed conditions were suspended. ECF No. 162 at 2. Currently, the defendant is subject to the condition that he abstain from alcohol—and all other supervised release conditions previously imposed remain in effect. *Id.* The defendant filed the current petition to terminate supervised release on June 10, 2025. ECF No. 163.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e), a court may terminate a term of supervised release at any time after the defendant has served one year of supervised release.

In determining whether early termination of supervised release is appropriate, the Court must first consider the factors set forth in 18 U.S.C. § 3553(a). Those factors are:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   the need for the sentence imposed—
>
> . . . .
>
> (B)   to afford adequate deterrence to criminal conduct;
>
> (C)   to protect the public from further crimes of the defendant; and
>
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
>
> . . . .
>
> (4)   the kinds of sentence and the sentencing range established [by the Sentencing Commission];
>
> (5)   any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];
>
> (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Second, the Court must consider whether early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1). And third, the Court must consider whether early termination is in "the interest of justice." *Id.*

3

Additionally, The Guide to Judiciary Policy provides criteria that a court should consider before ending supervision early. The relevant provision states:

> At 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria:
>
> 1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
>
> 2. The person presents no identified risk of harm to the public or victims;
>
> 3. The person is free from any court-reported violations over a 12-month period;
>
> 4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
>
> 5. The person is in substantial compliance with all conditions of supervision; and
>
> 6. The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Guide to Judiciary Policy, Vol. 8, Part E § 360.20(c).1.

### III.   ANALYSIS

Consistent with statutory requirements, the defendant has served more than one year of his supervision term and therefore may be considered for early termination. 18 U.S.C. § 3583(e)(1). Although the defendant has met the time requirement for consideration, the § 3553(a) factors, the Guide to Judiciary Policy factors, and the defendant's conduct counsel against relief.

## A.     18 U.S.C. § 3553(a) Factors

The factors weigh against granting the defendant's request. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant," weigh against early termination. The nature of the offense is, of course, serious. The defendant was involved in the distribution of heroin, while carrying a firearm in furtherance of that enterprise. ECF No. 96. The distribution was significant in this case, as the defendant admitted to purchasing 500 to 600 grams of heroin three times per week for two years. *Id.* ¶ 12. His criminal history is lengthy, too, including prior drug- and firearm-related felonies, all resulting in a criminal history category of VI. *Id.* ¶¶ 37–43, 102. Even though the defendant has taken concerted steps towards rehabilitation, his conduct on supervision suggests there still exists a need to protect the public (and the defendant himself). And while the defendant's acceptance of responsibility and other efforts he has taken to make amends for his criminal conduct certainly weigh in his favor, he has already received substantial benefits for those efforts. ECF No. 106.

Additionally, maintaining the supervision term will provide the defendant "medical care or other correctional treatment in the most effective manner," since he has continuing issues with alcohol abuse and just last year was found drunk driving. ECF No. 160.

Overall, the § 3553(a) factors weigh against early termination of the defendant's supervised release.

### B. The Guide to Judiciary Policy Factors

Outside of the § 3553(a) factors, the defendant fails to meet the criteria provided in the Guide to Judiciary Policy.

Considering the first factor, the defendant's prior felony convictions for conspiracy to distribute and possession with intent to distribute cocaine led to a Career Offender designation. ECF No. 96 ¶ 58.

Relatedly, as to the factors of demonstrating the ability to "self-manage," remaining free from "court-reported violations over a 12-month period," and "substantial compliance" with all supervision conditions—the defendant's conduct has fallen short. Within the last 12 months, the defendant has already violated the mandatory condition to not commit any crimes while under supervision, which prompted the Court to impose new conditions, including not drinking alcohol. ECF No. 161 at 1. Despite the defendant's current enrollment in an alcohol safety program and being subject to the mandatory condition to abstain from any alcohol use, the Court understands that his July 22, 2025 urine sample tested positive for alcohol. But even if the Court were unaware of this most recent result, the defendant's prior violations are, by themselves, sufficient to demonstrate that his conduct does not qualify him for presumptive release.

To his credit, the defendant has admitted to having substance abuse issues throughout his life and has participated in many treatment programs before. ECF No. 96 ¶¶ 70–75, 78–79; ECF No. 163. Again, the Court commends the defendant for tackling his relationship with alcohol and drugs, but the supervisory provisions are meant to aid him in that effort. "Congress intended supervised release to assist

6

individuals in their transition to community life. Supervised release fulfils rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). It would be irresponsible for the Court to take away the treatment options available to the defendant in the interest of rehabilitation, when it is obvious he is still struggling. The defendant's substance abuse—especially after multiple instances of drunk driving and drinking in violation of supervision provisions—justifies continued supervision and treatment.

Finally, the defendant's engagement in "prosocial activities" has been admirable. The defendant has been gainfully employed as a barber, for most of his supervised release. ECF No. 152 at 2. His employment record displays that the defendant has the "sufficient prosocial support to remain lawful" beyond the supervision period, but unfortunately it has not been enough to curb the defendant's supervision violations.

When the Court looks at all the factors and the conduct of the defendant, it simply cannot conclude that the "interest of justice" would be met by early termination. The need to continue to monitor the defendant is apparent, and thus the Court will not afford the defendant the relief he seeks.

## IV. CONCLUSION

Defendant Shawn Vincent Davis's Motion for Early Termination of Supervised Release (ECF No. 163) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the United States Probation Office.

**IT IS SO ORDERED.**

/s/ *JKW*

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 8, 2025